**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

<u>Via ECF</u>
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 518
New York, New York 10007

Re: Mom[...]
Devel[...]
No. 2[...]

Dear Judge Broderick:

---

For the reasons stated below, the motion to seal the Complaint is **GRANTED.**

The Clerk of Court is respectfully directed to restrict access to the Complaint and Amended Complaint, (Docs. 2, 6), only to the Court and the parties.

**IT IS FURTHER ORDERED** that, by September 19, 2024, the parties meet and confer then submit a joint letter and a proposed redacted complaint which may be filed on the public docket.

**IT IS FURTHER ORDERED** that, by September 19, 2024, Plaintiff explain its reasons for including the confidential and protected information discussed below--some of which clearly qualifies for redaction under my Individual Rules 5.B.i and ii.--in public filings.

8/29/2024

SO ORDERED:

*/s/ Vernon Broderick*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

---

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, assigned to represent Defendants New York City Department of Housing Preservation and Development ("HPD"), New York City Conflicts of Interest Board ("COIB"), Anna Vaysman, and Anita Armstrong (collectively, "City Defendants") in the above-referenced action. I write, pursuant to Rule 5(B)(iii) of Your Honor's Individual Rules and Practices, to respectfully request that the Court immediately seal the Complaint, ECF Dkt. No. 2. On August 5, 2024, this Office contacted Plaintiff's counsel to request consent to seal the Complaint, or to meet and confer as to the same. Plaintiff's counsel refused this Office's request because "[t]he information concerning the city and its officers' corrupt practices is pubic [sic] knowledge." Plaintiff's counsel followed up by email thereafter, wherein he stated, "[a]re you sure this is the hill your client wants to die on?" Despite this, as set forth below, City Defendants respectfully request that the Court seal the Complaint, or, in the alternative, seal those portions of the Complaint that reference the confidential COIB hearing currently before the Office of Administrative Trials and Hearings ("OATH"), and the personal identifying information of both Defendant Vaysman and non-party Anna-Marie Hendrickson.

### A. Legal Standard

There is a presumption of public access to a complaint. See, e.g., <u>Ingber v. N.Y. Univ.</u>, 2024 U.S. Dist LEXIS 89183 (S.D.N.Y. 2024); <u>Bernstein v. Bernstein Litowitz Berger & Grossmann LLP</u>, 814 F.3d 132, 139-140 (2d Cir. 2016); <u>Mirlis v. Greer</u>, 952 F.3d 51, 58 (2d Cir. 2020). However, portions of a complaint may be sealed upon a showing that competing interests outweigh the presumption of public access. See <u>Oklahoma Firefighters Pension v. Musk</u>, 2024 U.S. Dist. LEXIS 90579, at *3 (S.D.N.Y. 2024) (citing <u>Bernstein</u>, 814 F.3d at 141-44); see also <u>Mirlis</u>, 952 F.3d at 59. To overcome the presumptive right of public access, the court may consider

numerous factors, such as "(i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure." Bernstein, 814 F.3d at 143. Importantly, "the proponent of sealing must demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Bernstein, 814 F.3d at 144 (internal citation and quotation omitted); Lugosch v. Pyramid Co., 435 F.3d 110, 112 (2d Cir. 2006) ("Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest").

B. **The Complaint Should Be Sealed Because it Contains Information about a Confidential Ongoing COIB OATH Proceeding**

By way of background, while Plaintiff was employed with HPD, allegations were made against Plaintiff that resulted in a referral to the New York City Department of Investigation ("DOI") and the COIB. DOI completed an investigation, after which time HPD commenced disciplinary action against Plaintiff. Separately, the COIB also conducted its own investigation. The confidential OATH proceeding of concern here is one component of the ongoing COIB investigation. Throughout the Complaint, Plaintiff makes liberal reference and citation to the OATH proceeding, and he appended to the Complaint a document purportedly produced during the OATH hearing. See Complaint ("Compl.") ¶¶ 35, 48-62,101-103, 121, 123-137; see also Ex. A, ECF No. 6-1.

Pursuant to § 2603(k) of the New York City Charter, "records, reports, memoranda and files of the [Conflicts of Interest Board] shall be confidential and shall not be subject to public scrutiny." N.Y.C. Charter § 2603(k). Furthermore, pursuant to § 2-03 of the Rules of the Conflict of Interest Board, an OATH hearing, including the one referenced the Complaint, is confidential until such time as the COIB issues "an order stating its final findings." See 53 R.C.N.Y. § 2-03(j)(1). Even subsequent to the issuance of such an order, "all other underlying records, reports, memoranda, and files will remain confidential in accordance with Charter § 2603(k)." See 53 R.C.N.Y. § 2-03(j)(2). Moreover, the Administrative Law Judge's report and recommendation remains confidential. See 53 R.C.N.Y. § 2-03(g).

Here, all claims involving the ongoings of the OATH hearing, including all allegations against Anita Armstrong and the COIB, and exhibits relating to the OATH hearing should be sealed because they are confidential by law. Plaintiff does not allege that he requested to make the OATH hearing public, nor has the COIB issued a determination report. Thus, everything pertaining to the OATH hearing remains confidential, and these portions of the Complaint should be sealed. See, e.g., Floyd v. City of N.Y., 2021 U.S. Dist. LEXIS 142724, at *14-15 (S.D.N.Y. 2021) (granting motion to seal because the public's right of access did not attach to a draft report that had not been finalized or filed).

C. **The Complaint Should Be Sealed Because it Contains Personally Identifying Information**

a. **The Photographs Plaintiff Included in the Complaint are Improper**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, pleadings must contain "statements" and "allegations" showing that the pleader is entitled to relief. F.R.C.P. 8(a), (d). The

federal rules, however, do not contemplate photographs of named defendants or of other objects. See Marom v. Town of Greenburgh, 2015 U.S. Dist. LEXIS 21759, at *16 (S.D.N.Y. 2015) ("summonses are integral to and incorporated by reference in the complaint, whereas photographs are not") (declining to consider photographs annexed to a complaint when considering a motion to dismiss); Energizer Brands, LLC v. My Battery Supplier, LLC, 529 F. Supp. 3d 57, 61 (E.D.N.Y. 2021) (declining to consider photographs annexed to a complaint as they are not integral to the complaint or incorporated in it by reference). Here, Plaintiff improperly incorporates photographs of Defendant Vaysman and non-party Hendrickson in the Complaint. See Compl. at 2, 27. The photographs of Defendant Vaysman and non-party Hendrickson are not material to the Complaint, nor are they statements or allegations. Instead, the photographs are personally identifying information, which is improper, and should be sealed from public access. See Krull v. Annucci, 2022 U.S. Dist. LEXIS 2095, at *5 (S.D.N.Y. 2022) (finding that personally identifying information includes photographs); Davis v. 1568 Broadway Hotel Mgmt. LLC DoubleTree Hotel Times, 2018 U.S. Dist. LEXIS 2659, at *12 (S.D.N.Y., 2018) (ordering redactions of personal identifying information) Sealing those portions of the Complaint that include photographs of a defendant and non-party preserves the privacy of those individuals "without jeopardizing the right of access that presumptively applies to judicial documents." See Ingber, 2024 U.S. Dist LEXIS 89183 at *4. Accordingly, the inclusion of photographs of Defendant Vaysman and Hendrickson in the Complaint is improper, and the portions of the Complaint displaying those photographs should be sealed from public access. See M.C. v. Cty. of Westchester, 2019 U.S. Dist. LEXIS 211569, at *2 (S.D.N.Y. 2019) (granting plaintiff's motion to file under seal "[p]hotographs of his likeness").

### b. The Photographs Plaintiff Included in the Complaint are Prejudicial

A court may decline to seal personal information "when it relates to allegations made in the complaint and filings and 'necessary to or helpful in resolving a motion.'" See Ramirez v. Temin & Co., 2020 U.S. Dist. LEXIS 216034, at *15 (S.D.N.Y. 2020) (internal citation omitted)). However, courts have the discretion to exclude information if the danger of unfair prejudice substantially outweighs the probative value. See F.R.E. 403; United States v. Quattrone, 441 F.3d 153, 186 (2d Cir. 2006) ("Unfair prejudice may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant"). Because the photographs included in the Complaint do not relate to allegations made in the Complaint and are prejudicial, those portions of the Complaint where the Plaintiff included photographs should be sealed.

In addition, when determining whether to seal portions of the Complaint, the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." Eric Fishon v. Peloton Interactive, Inc., 2022 U.S. Dist. LEXIS 186782, at *7 (S.D.N.Y. 2022) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)); see also SEC v. Telegram Grp., Inc., 2020 U.S. Dist. LEXIS 106592, at *8 (S.D.N.Y. 2020) ("the privacy interests of non-parties" is a factor that often "outweigh[s] the right of public access"). Here, Hendrickson is a non-party to this action. Furthermore, Plaintiff does not bring any allegations here against Hendrickson. The privacy interest of non-party Hendrickson supports sealing that portion of the Complaint that contains her photograph.

With respect to the photograph of Defendant Vaysman, Plaintiff, who purports to assert claims of racial prejudice under the New York State and City Human Rights Laws ("SHRL" and "CHRL," respectively), self-identifies as a "Haitian male with a Haitian accent." See Compl. ¶ 2. The photograph of Defendant Vaysman, which, consequently, is unrelated to even a single allegation set forth in the Complaint, is highly prejudicial in that it depicts the face of a white female. Indeed, there is no discernible purpose for Plaintiff to have included a photograph of Defendant Vaysman other than to inflame an implied perception of racial prejudice. Therefore, the Court should immediately seal that portion of the Complaint that contains a photograph of Defendant Vaysman. See Moloi v. Riley, 762 F. Supp. 36, 37 (E.D.N.Y. 1991) (photographs "shall be excluded if [the] sole purpose is to prejudice the defendant"); D.R. v. Santos Bakery, Inc., 675 F. Supp. 3d 355, 362 (S.D.N.Y. 2023) (where the court excluded photographs that were more prejudicial than probative).

### c. The Names and Email Addresses of COIB and OATH Officials are Confidential During the Course of an Active Hearing

Courts in the Second Circuit have routinely recognized the need to protect the personally identifiable information of non-affiliated third parties. See Fishon, 2022 U.S. Dist. LEXIS 186782 at *7; Amodeo, 71 F.3d at 1050-51 (2d Cir. 1995); SEC, 2020 U.S. Dist. LEXIS 106592, at *8. Here, exhibits annexed to the Complaint include the names and e-mail addresses of COIB employees, OATH employees, and the name and email address of the Administrative Law Judge overseeing an ongoing OATH hearing. See Compl., Ex. B, ECF Dkt. No. 6-2. As set forth above, such information should be sealed because it is confidential by law. Furthermore, this personally identifying information is the type that courts typically deem confidential and permissible to seal. See, Oklahoma Firefighters Pension v. Musk, 2024 U.S. Dist. LEXIS 90579, at *4 (S.D.N.Y. 2024) (redacting names of non-party employees identified in the complaint); Golden Unicorn Enter., Inc. v. Audible, Inc., 2023 U.S. Dist. LEXIS 39273 (S.D.N.Y 2023) (granting motion to seal request of nonparties information, including names and email addresses); Rowe v. Google LLC, 2022 U.S. Dist. LEXIS 173468, at *2 (S.D.N.Y. 2022) ("to accommodate the privacy interests of third-parties, documents may be filed under seal with the names […] of non-party employees redacted"); Kewazinga Corp. v. Microsoft Corp., 2021 U.S. Dist. LEXIS 62974, at *14 (S.D.N.Y. 2021) (redacting emails and other personal information of nonparties).

Thus, for the reasons explained *supra,* City Defendants respectfully request that the Complaint be sealed. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/     Elisheva L. Rosen
Elisheva L. Rosen
Assistant Corporation Counsel

cc:   Tyrone A. Blackburn, Esq
      Attorney for Plaintiff
      T. A. Blackburn Law, PLLC.
      TABlackburnlaw.com