```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
GABRIEL MOMBRUN,                                            :
                                                            :
                              Plaintiff,                    :
                                                            :            24-CV-5389 (VSB)
                  - against -                               :
                                                            :                 ORDER
                                                            :
NEW YORK CITY DEPARTMENT OF                                 :
HOUSING PRESERVATION AND                                    :
DEVELOPMENT, ET AL.,                                        :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

    Before me is the parties' Joint Motion to Seal portions of Plaintiff's Amended Complaint. (Doc. 17 ("Mot.").) I previously granted Defendants' Motion to Seal Plaintiff's Complaint and Amended Complaint in their entirety and ordered the parties to submit a joint proposed redacted complaint that may be filed on the public docket. (Doc. 12.) Plaintiff disagrees with the scope of Defendants' proposed redactions. For the reasons that follow, the Motion to Seal is GRANTED IN PART and DENIED IN PART.

    "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Church Ins. Co. v. ACE Prop. & Casualty Ins. Co.*, No. 10-CV-698, 2010 WL 3958791 (quoting *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08-CV-10367, 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009)). First, a court must determine whether the documents are judicial documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir.

1995) ("*Amodeo I*"). Plaintiff's Amended Complaint and Exhibits A and B are "pleadings" and therefore judicial documents to which the presumptions of public access attaches. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016); *Rosario v. Cmty. Hous. Mgmt. Corp.*, No. 22-CV-9855, 2024 WL 836482, at *2 (S.D.N.Y. Feb. 28, 2024) (collecting cases).

Second, a court determines the weight of the presumption of access and the public's First Amendment right to access the documents. *Lugosch*, 435 F.3d at 119–20. Third, a court must "balance competing considerations" against the presumption of full public access. *Id*. at 120; *In re Applications to Unseal*, 568 F. App'x 68, 69 (2d Cir. 2014) ("This right of access is, of course, qualified, and documents may be sealed in some cases."). "Those competing considerations may include, among others, the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) (internal quotation marks omitted). The parties agree that certain portions of the Amended Complaint may remain under seal, however I still must "make specific, rigorous findings before sealing [a judicial] document or otherwise denying public access." *Id*. (quoting *Newsday LLC v. County of Nassau*, 730 F.3d 156, 167 n.15 (2d Cir. 2013).

The portions of the Amended Complaint at issue fall into three categories: (1) photographs of Defendant Anna Vaysman and non-party Anne-Marie Hendrickson, (Doc. 6 at 2, 27); (2) Plaintiff's allegations in the Amended Complaint relating to a city administrative hearing and associated investigation into his alleged workplace misconduct, (Doc. 6 at 26 n.1; *id*. ¶¶ 35, 50–53, 60–62, 102, 124–36, 191); and (3) exhibits and communications from the hearing attached as Exhibits A and B to the Amended Complaint, (Docs. 6-1, 6-2.). I address each category in turn.

*Photographs*.  The photographs within the Amended Complaint shall remain under seal.  While the photographs are judicial documents, the weight of the presumption of access is low—the photographs have no relevance to "the performance of the judicial function," and access to them would not "assist the public in understanding the issues before the court."  *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted).  Nor do I find the photographs "useful" to evaluating the allegations in the Amended Complaint.  *Lugosch*, 435 F.3d at 119.

With respect to the interests against disclosure, one of the individuals depicted in the photographs is named as a Defendant and, through counsel, has objected to her photograph being filed on the docket; the other individual depicted in the photographs is not a party to this lawsuit.  (*See* Doc. 11 at 3–5.)  The "privacy interest[s] of the person resisting disclosure" and "third parties" thus weigh against unsealing of the photographs.  *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*") (internal quotation marks omitted).  Plaintiff claims that he included the photographs of Defendant Vaysman "to ensure the correct individual was included in the complaint," but goes on to say that he "was confused" by the photo "because it appeared heavily edited and did not reflect how he remembered her over the years."  (Doc. 13 at 5; *see also id*. at 6 ("If Defendants do not want to be painted as being corrupt, then maybe they should stop being corrupt.").)  These contradictory statements suggest that Plaintiff included the photographs "to gratify private spite or promote public scandal," another factor weighing against public disclosure.  *Amodeo II*, 71 F.3d at 1051 (internal quotation marks omitted).  Thus, the photographs in the Amended Complaint will remain redacted.[1]

*Plaintiff's Allegations Regarding the Administrative Hearing*.  The paragraphs and footnote in the Amended Complaint that reference Plaintiff's misconduct hearing shall not

---

[1] The unredacted Amended Complaint will remain accessible to the Court and the parties, thus, Plaintiff's concern that Defendant is "redrafting" its pleading is misplaced.  (Doc. 13 at 1.)

remain under seal. In these portions of the Amended Complaint, Plaintiff alleges that Defendants lodged false allegations of workplace misconduct against him after he reported his superior for accepting bribes; Plaintiff also discusses various aspects of the resulting investigation and administrative hearing. (*See* Doc. 6 at 26 n.1; *id*. ¶¶ 35, 50–53, 60–62, 102, 124–36, 191.) The most detailed set of allegations are part of Plaintiff's defamation claim; he asserts that as part of his misconduct hearing, Defendant Anita Armstrong "maliciously and intentionally submitted fake documents to bolster her weak prosecution of Plaintiff." (*Id*. at ¶ 123.)

The weight of the presumption of public access with respect to Plaintiff's allegations is strong, as the allegations form the basis for Plaintiff's legal claims against Defendants. In other words, Plaintiff "presented [the allegations] to the court to invoke its powers or affect its decisions." *Id*. at 142 (internal quotation marks omitted). Indeed, a substantial portion of the allegations Defendants seek to redact are the allegations underlying Plaintiff's defamation claim. (*See* Doc. 6 ¶¶ 124–36.)

Defendants argue Plaintiff's allegations should nonetheless be sealed because City administrative proceedings are "confidential by law." (Doc. 11 at 2.) However, I do not find that Plaintiff's allegations impinge on the City's confidentiality interests or risk a "danger of impairing law enforcement" such that the considerations weighing against disclosure outweigh the public's strong presumptive right of access. *Olson*, 29 F.4th at 88 (internal quotation marks omitted). Defendants cite Section 2603 of the New York City Charter, but this provision states only that "Hearings of the board shall not be public unless requested by the public servant," New York City Charter § 2603.h.4, and that "the records, reports, memoranda, and files of the board shall be confidential," *id*. § 2603.k. Many of Plaintiff's allegations relate only to his perceptions

of his hearing process—for instance, that it was "bogus," (Doc. 6 ¶ 102)—and thus are not covered by the confidentiality provisions of the Charter. And while others of Plaintiff's allegations do detail testimony and exhibits presented at the hearing, the Charter does not contemplate absolute confidentiality. Instead, the Charter permits a public hearing if "requested by the public servant." New York City Charter § 2603.h.4. Given that the legal framework permits Plaintiff, as the "public servant," *id.*, to publicize a hearing, the privacy interest that Defendants invoke here is incomplete and does not carry heavy weight against the presumption of public access. As Defendants do not identify anything other than the Charter that weighs against public access to Plaintiff's allegations, I find that Defendants have not overcome the presumption of public access, and the allegations shall not be redacted.

*Exhibits to the Amended Complaint.* Exhibits A and B to the Amended Complaint are, respectively, an exhibit submitted as part of Plaintiff's administrative hearing and a chain of email communications regarding the hearing between counsel and the Administrative Law Judge. (*See* Docs. 6-1, 6-2.) Exhibits to a complaint are judicial documents. That said, the weight of the presumption of public access to the exhibits is lower than the presumption that applies to the legally operative allegations in the Amended Complaint. At this stage of the litigation, the exhibits "play no role in the performance of Article III functions," and therefore "stand on a different footing" than the allegations in the Amended Complaint. *Amodeo II*, 71 F.3d at 1050 (internal quotation marks omitted). Defendants wish for the exhibits to be redacted because they contain personally identifying contact information of non-parties, including the Administrative Law Judge. (*See* Doc. 11 at 4.) Courts routinely permit the redaction of names and contact information of non-parties when such information is contained in a judicial document. *See Oklahoma Firefighters Pension & Ret. Sys. v. Musk*, No. 22-CV-3026, 2024 WL

2305264, at *2 (S.D.N.Y. May 20, 2024). However, for the same reasons that the confidentiality provisions of the City Charter do not outweigh the presumption of public access to the allegations in the Amended Complaint, they do not outweigh the presumption of public access to the exhibits. Having reviewed the substantive contents of Exhibits A and B, they do not contain the type of information that would "impair[] law enforcement" by "chill[ing] the cooperation and candor that is essential to the conduct of thorough and fair" city administrative hearings. *Olson*, 29 F.4th at 88, 91 (internal quotation marks omitted). Thus, aside from the contact information of non-parties, the exhibits shall not be redacted.

For the reasons stated herein, it is hereby:

ORDERED that the parties' Joint Motion to Seal is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that by October 3, 2024, Plaintiff shall, consistent with this Order, file redacted versions of the Amended Complaint and Exhibits A and B on the public docket. Specifically, Plaintiff shall redact: (1) the photographs on pages 2 and 27 of the Amended Complaint, and (2) the names and contact information of the non-parties within Exhibit B of the Amended Complaint.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 17.

SO ORDERED.

Dated: September 26, 2024
      New York, New York

                                                            Vernon S. Broderick
                                                            United States District Judge